UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. HOUSE OF SENATE,<br><br>　　　　　Defendant. | Case No.  1:23-cv-00781-ADA-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Chris Epperson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on May 22, 2023.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
2  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
3  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
4  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

5  To survive screening, Plaintiff's claims must be facially plausible, which requires
6  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
7  for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
8  Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
9  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
10 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

11 **II.     Summary of Plaintiff's Allegations**

12 Plaintiff resides in Sylmar, California, located in Los Angeles County.  Plaintiff drafted
13 his complaint using the form provided by this Court.  The caption of the complaint names the
14 U.S. House of Senate as defendant.  (Doc. 1.)  However, the complaint form lists Jospeh Biden,
15 John Tyler, Benjamin Harrisson, and Sen. Al Gore as defendants.  (*Id.* at pp. 2-3.)  Plaintiff
16 identifies the basis for jurisdiction as federal question.  In the section in which he is asked to
17 indicate which of his federal constitutional or federal statutory rights have been violated, he lists
18 the following:  "Article 1 Section 2 Clause 3," "Wheeler Act of Congress House of Commons,"
19 and "Executive Order 10958 Fugitive Slave Act."  (*Id.* at p. 4.)  Plaintiff specifies that the amount
20 in controversy is "6½ million zillion hr." and "500,000,000,000 fiscal yr."  (*Id.* at p. 5.)  The
21 statement of claim section states as follows:  "Extortion Conspierecy Embellzellment Encounter
22 espionage."  (*Id.*) (unedited text).  As relief, Plaintiff states, "A veteral knows boycott-Domingo
23 cold-cutt Kearnel the General; Chemical weapons ban nuclear Atomic Act Artico Monty [ ]
24 Swanson."  (*Id.* at p 6.)

25 In the accompanying Civil Cover Sheet, the U.S. Civil Statute is described as "539 U.S."
26 and cause of action is described as "Article III Constitution Volume 497"  (Doc. 1-1.)  Plaintiff
27 also checked the box for class actions under Federal Rule of Civil Procedure 23.  (*Id.*)

28

**III.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, and the Court is unable to determine the nature of Plaintiff's claims.  As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not include any factual allegations.  At a basic level, he does not state what happened, when it happened, or who was involved.  He also does not clearly identify the defendants in this action or the nature of his claims.  Without any factual allegations, the Court cannot determine what Plaintiff is alleging or how defendants are alleged to be responsible.  If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved.  Fed. R. Civ. P. 8.

Additionally, Plaintiff is advised that "[t]he court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).  If Plaintiff files an amended complaint, it must have an arguable legal or

3

factual basis.

**B. Class Action**

Plaintiff's civil cover sheet indicates that the complaint is a class action under Federal Rule of Civil Procedure 23. (Doc. 1-1.) Insofar as Plaintiff is attempting to assert claims on behalf of other individuals, he may not do so. Plaintiff may only represent his own legal interests; he may not represent the legal interests of other individuals. "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to comply with Federal Rule of Civil Procedure 8.

IT IS SO ORDERED.

Dated: __**August 21, 2023**__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE