1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRIS EPPERSON,                          Case No.  1:23-cv-00781-ADA-BAM

12                     Plaintiff,             **FINDINGS AND RECOMMENDATIONS
                                              REGARDING DISMISSAL**
13           v.
                                              (Docs. 5, 6)
14   U.S. HOUSE OF SENATE,
                                              FOURTEEN-DAY DEADLINE
15                     Defendant.

16

17          Plaintiff Chris Epperson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated

18   this civil action on May 22, 2023.  (Doc. 1.)  On August 21, 2023, the Court screened Plaintiff's

19   complaint and granted him leave to amend within thirty (30) days.  (Doc. 4.)  Plaintiff's first

20   amended complaint, filed on September 25, 2023, is currently before the Court for screening.

21   (Doc. 6.)

22          **I.        Screening Requirement and Standard**

23          The Court screens complaints brought by persons proceeding in pro se and in forma

24   pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

25   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

26   granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

27   U.S.C. § 1915(e)(2)(B)(ii).

28          A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires

sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.      Summary of Plaintiff's Amended Allegations**

In his amended complaint, Plaintiff names the following defendants:  (1) Defendant

Virginia; (2) Defendant Baltimore; (3) Defendant New York; (4) Defendant Pennsylvania; (5)

Defendant Delaware; and (6) the republican party.  (Doc. 5 at p. 1.)

Plaintiff alleges as follows:

> A amended complaint 50 U.S.C. App. 2166(a) brought under the twenty-fifth
> section of the Judiciary Act of 1789, to revise the judgment of that Court on a
> case involving the construction of the Constitution and laws of the United States.
> The first sentence of section 717(a) of the Defense Production Act of 1950 is
> amended Fugitive Slave Act of 1850, 18 U.S.C. 1073, 48 Stat. 782 by striking 105
> Stat. 1593 and inserting H.R. 3919 amended complaint

(*Id.*)  He cites Article 1, section 8, Article 1, section 4, and Article 1, section 7.  (*Id.*)

Plaintiff further alleges:

> John F. Kennedy Assacination [sic] for the press plotted Character for figure of
> speech brought under the twenty-fifth section of the Judiciary Act of 1789,
> involving the construction of the Constitution and laws of the United States.  They
> dont [sic] even like you messing with their powers.  Federal dont [sic] cross state.
> 18 U.S.C. 1073, Alien Sedition Act of Antiterrorism and Effective Death Penalty
> Act of 1950.  50 U.S.C. App. 2166(a).

(*Id.* at p. 2.)  Plaintiff also numerically lists "facto," "quoto," "salis," "malice."  (*Id.*)

Additionally, Plaintiff alleges:

> The C.I.A. opposition F.B.I. opposition D.E.A prerogative inititive Secret Service inititive fragible bullets easily to detect.  Title XIV 33001691)(H) Secret Hidden Encounters Conspierecy Embezzelment Extortion and Threats.  18 U.S.C. 1073, 108 Stat. 2147 Espionage Defrauded State.  50 (2011) Federal dont cross State.

(*Id.* at p. 3) (unedited text).  Plaintiff also states, "motion to prohibit," "imposition of sanctions," "cross examination," "objection," and "overrule."  (*Id.*)

### III.    Discussion

#### A.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not include any factual allegations.  It is disjointed and insubstantial despite various apparent legal citations.  At the most basic level, Plaintiff does not state what happened, when it happened, or who was involved.  He also does not clearly identify his claims, causes of action, the parties, or the relief that he is seeking.  Without any factual allegations, the Court cannot determine what Plaintiff is alleging or how defendants are alleged to be responsible.  Absent clear, concise allegations, the amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

Further, as Plaintiff was previously advised, "[t]he court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL

3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).  Plaintiff's amended complaint does not have an arguable legal or factual basis.  Indeed, the amended complaint lacks clear factual allegations.

## IV.    Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim for relief, and is frivolous, lacking an arguable legal and factual basis. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1.   This action be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8, failure state a cognizable claim upon which relief may be granted, and as frivolous; and

2.   All pending motions be denied.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __September 26, 2023__            _____ /s/ Barbara A. McAuliffe _____
                                          UNITED STATES MAGISTRATE JUDGE

4